DÍAZ ET AL., PETICIONARIOS Y APELADOS, *v.* CIVIDANES, OPOSITOR-APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en procedimiento sobre administración judicial: entrega de bienes.

No. 1592.—Resuelto en junio 25, 1917.

ADMINISTRACIÓN JUDICIAL—COMUNIDAD DE BIENES—INTERVENCIÓN—PARTES NECESARIAS—DESESTIMACIÓN DE APELACIÓN.—En este caso se presentaron dos peticiones de administración judicial, una a nombre de la sucesión de Rufina Molinari, y otra a nombre de la sucesión de Ignacio Díaz, comunidad de bienes. Antes de decretarse la administración, todos los bienes estaban en poder de Cividanes, marido de la Sra. Molinari. Decretada la administración en ambos casos, se nombró finalmente administrador de ella a Rafael Palés. Cividanes apeló de la resolución dictada en el primer caso, pero no de la dictada en el segundo. Resuelta la apelación en su favor, fué puesto en posesión de los bienes correspondientes a la primera administración. Solicitó además que se le pusiera en posesión de los bienes de la segunda. La corte tramitó la solicitud con intervención de la indicada comunidad de bienes y de su administrador y la desestimó finalmente y de esa resolución apeló Cividanes sin notificar el escrito al representante de la comunidad, quien pidió la desestimación del recurso por tal motivo. *Se resolvió:* Que los condueños interventores eran también partes necesarias en la apelación, con derecho a ser oídos, por encontrarse en posesión de ganar o perder con motivo del recurso siendo desestimada la apelación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eduardo Acuña.*

Abogados de los apelados: *Sres. Tomás Bernardini de la Huerta* y *Jacinto Texidor.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En marzo de 1915 se presentaron en la Corte de Distrito de Guayama dos peticiones de administración judicial: una

a nombre de la sucesión de Rufina Molinaris y otra a nombre
de la sucesión de Ignacio Díaz, comunidad de bienes.    Antes
de solicitarse dichas administraciones, los bienes correspon-
dientes a ambas se encontraban en poder de Manuel Cividanes,
viudo de Rufina Molinaris.    La corte nombró administrador
en los dos casos a Genaro Cautiño a quien le fueron entrega-
dos los bienes.    Cautiño renunció y la corte nombró en su.
lugar a Rafael Palés.    Cividanes apeló de las órdenes nom-
brando a Palés, pero desistió luego de la apelación que se re-
fería al nombramiento de Palés como administrador de los
bienes de la comunidad.    El recurso en cuanto a la adminis-
tración relativa a los bienes de Doña Rufina, se resolvió en
favor de Cividanes y éste, en su condición de viudo, fué nom-
brado definitivamente administrador.    Palés entregó a Civi-
danes los bienes correspondientes a la sucesión de la Señora
Molinaris, pero nó los que, según él, eran de la comunidad.    Ci-
vidanes reclamó ante la corte de distrito y con tal motivo se
celebró una vista en la cual, con permiso de la corte, intervi-
nieron, oponiéndose a las pretensiones de Cividanes, los con-
dueños en la comunidad de bienes y el administrador Palés.
La corte consideró el caso y lo decidió en contra de Cividanes
por resolución de 13 de octubre de 1916.    Cividanes inter-
puso entonces el presente recurso de apelación, notificando el
escrito al secretario de la corte y a los peticionarios herederos
de Rufina Molinaris.    A los interventores de que se ha hecho
referencia no se les notificó la apelación.

Elevados los autos a esta Corte Suprema, se presentaron
dos mociones solicitando la desestimación del recurso, entre
otros motivos por la falta de notificación ya indicada.

La vista de ambas mociones se celebró en su oportunidad
y la corte se reservó decidirlas después de visto el caso en su
fondo.    La vista del caso en su fondo también fué celebrada
y el asunto quedó sometido en su totalidad al tribunal.

Basta la simple exposición que dejamos hecha para con-
cluir que los interventores, siendo partes interesadas en la ape-

lación, debieron ser notificados. Ellos se opusieron a la entrega de los bienes a Cividanes y la corte de distrito resolvió la cuestión a su favor. Si el recurso interpuesto por Cividanes se declarara con lugar, el efecto de nuestra decisión sería una orden de entrega de los repetidos bienes al apelante. En tal virtud los interventores se encuentran en una posición de ganar o perder con motivo del recurso, y deben ser, en su consecuencia, considerados como partes interesadas con derecho a ser oídas.

"El término 'parte' tal como se usa en la regla que se acaba de exponer," dice R. C. L., "no está restringido a aquellas que figuran en las alegaciones originales ni aun a las que se nombran en la sentencia o decreto. En varios períodos del procedimiento personas que no eran originalmente partes en él, pueden ser traídas a él o pueden a él venir por su propia voluntad, con el propósito de conseguir o estar sujetas a algún beneficio, y cuando ése es el caso, dichas personas llegan a ser partes, por lo menos en los procedimientos que las afectan, y si la orden que se dicta contra ellas es de otro modo apelable, ellas pueden apelar." 2 R. C. L. 50. Y más adelante la misma obra expresa: "Un auto de error procede sólo contra personas que fueren partes, o que tuvieren algún interés en la sentencia de que se quejan, y todas las partes en favor de quienes se pronunció tal sentencia y quienes podrían ser afectadas por su revocación o modificación, deben ser hechas partes apeladas en el auto." 2 R. C. L. 68.

En tal virtud debe desestimarse el recurso, sin que sea necesario estudiar y decidir si la corte de distrito erró o nó al dictar la resolución apelada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.